TOWN LAW, Article 12, §§ 61, 64 (2), 174 (6), 176 (14) and 198.
The term "district" as used in section 64 (2) of the Town Law refers to the improvement districts discussed in Article 12 of the Town Law, and, thus, section 64 (2) does not infringe upon the condemnation power accorded a fire district board of fire commissioners as provided for in section 176 (14) of the Town Law.
Frederick H. Monroe, Esq. Schroon Lake, N Y
This is in response to your letter of March 2, 1979, wherein you inquire as to a possible conflict between sections 64 (2) and 176 (14) of the Town Law regarding the division of the power of condemnation between town boards and boards of fire district commissioners.
Section 64 of the Town Law is entitled "General powers of town boards." Subdivision 2, regarding the acquisition and conveyance of real property by town boards, provides, in part, that town boards:
 "* * * May acquire by lease, purchase, in the manner provided by law, or by acquisition in the manner provided by the eminent domain procedure law, any lands or rights therein, either within or outside the town boundaries, required for any public purpose * * *. Lands or rights required for a district purpose
shall be acquired by the town board in the name of the district, and the cost thereof shall be a charge upon and assessed against such district. Such district lands and rights may be sold or leased in the manner provided in subdivision twelve of section one hundred ninety-eight of this chapter." (Emphasis supplied.)
Town Law, § 176 (14) gives to fire district boards of fire commissioners the right to acquire real property by condemnation.
Specifically, subdivision 14 provides:
 "14. For the preservation, protection and storing of fire apparatus and equipment and for the social and recreational use of the firemen and residents of the district and for any of the purposes authorized by law, may acquire by purchase, lease, gift, devise or by condemnation, real property and erect, construct, alter, repair and equip suitable buildings, and may furnish necessary supplies for such purposes, and may lease portions thereof not required for fire district purposes. All real property required by any fire district for any purpose authorized by this article shall be deemed to be required for public use and may be acquired by such fire district." (Emphasis supplied.)
Thus, there arises an apparent conflict regarding the allocation of the power of condemnation between a town board and a board of fire commissioners.
Town Law, § 61 provides that "[e]very separate board of commissioners is hereby abolished, except fire district commissioners * * *." In conjunction with this legislative mandate, respecting districts whose boards of commissioners have been dissolved, section 61 additionally provides, in part:
 "All powers heretofore exercised by said separate boards or commissions so abolished shall hereafter be vested in and be exercised by the town board.
 "Except as otherwise provided by law and subject to the provisions of this chapter, districts now existing shall continue as now established until such time as the town board may otherwise determine, pursuant to the provisions of article twelve. The town board shall have authority to, and may exercise in and for such districts all the powers permitted by section one hundred ninety-eight of this chapter,
and such additional powers as shall be necessarily implied therefrom for the operation and maintenance of such district or districts, including but not limited to the employment of personal services and the purchase of required equipment." (Emphasis supplied.)
As indicated previously, section 64 (2) which gives town boards the power of condemnation also makes specific reference to section 198 of Article 12.
Subdivision 6 of section 174 of the Town Law declares:
 "A fire district is a political subdivision of the state and a district corporation within the meaning of section three of the general corporation law. The officers and employees of a fire district, including the paid and volunteer members of the fire department thereof, are officers and employees of such fire district and are not officers or employees of any other political subdivision."
The following are the significant facts to be noted from the foregoing discussion: (1) pursuant to the provisions of Town Law, § 61 fire district boards of commissioners were expressly not abolished; (2) fire districts are deemed separate and distinct political subdivisions under section 174 (6); and, (3) both sections 61 abolishing boards of commissioners and 64 (2) granting town boards the power of condemnation make reference to section 198 of Article 12 of the Town Law. Thus, it is our opinion that "district" as that word is employed in section 64 (2) of the Town Law refers to those improvement or special districts treated in Article 12, not to fire districts and, therefore, we conclude a fire district board of fire commissioners has the power to condemn property for the uses permitted in and subject to the restrictions contained in section 176 (14) of the Town Law and that power is independent of the power of condemnation granted a town board under Town Law, § 64 (2).